UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| AMAZETTA SATA GUEH | ) CASE NO. 18-57289-PMB |
| | ) |
| | ) |
| DEBTOR. | ) |

**CHAPTER 13 TRUSTEE'S
OBJECTION TO CONFIRMATION & MOTION TO DISMISS**

COMES NOW Melissa J. Davey, Chapter 13 Trustee, and objects to confirmation of the plan and files this motion to dismiss under 11 U.S.C. Section 1307(c), for cause, including the following reasons:

1. The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

2. In accordance with General Order Nos. 18-2015 and/or 22-2017 and the Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtor's $6,500.00 per month self-employment income to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

3. The Trustee requests proof of the business expenses in the amount of $1,200.00 per month reflected on Debtor's schedules in order to determine whether the Plan complies with 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

4. The Debtor should provide an accounting as to how Debtor spent the tax refund of approximately $5,000.00. Any remaining funds should be immediately contributed to the case, and the Plan should be amended to provide for the contribution of future tax refunds, as required by 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B). Pursuant to Debtor's testimony, $1,000.00 to $2,000.00 of the tax refund remains.

5. The Debtor has failed to provide the Trustee with a copy of the federal income tax return for the most recent tax year ending immediately before the commencement of the instant case in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

6. The Trustee requests proof that Debtor has paid the post-petition mortgage payments for Debtor's residence in order to determine whether the Plan complies with 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

7. The Debtor should provide proof of the fair market value of Debtor's residence so the Trustee may conduct a hypothetical liquidation analysis. 11 U.S.C. Sections 1325(a)(3) and 1325(a)(4).

8. Although Debtor is self-employed, the Chapter 13 budget and schedules do not include an itemization for business expenses, preventing the Trustee from fully evaluating good faith, feasibility, and/or disposable income in violation of 11 U.S.C. Sections 1325(a)(3), 1325(a)(6), 1325(a)(7) and 1325(b).

9. As Debtor is self-employed and/or operates a business, the Trustee has requested a Business Questionnaire, monthly cash flows reports, tax returns and/or bank statements from the Debtor. Debtor has failed to provide the Trustee with the business documentation, and accordingly, the Trustee is unable to determine whether the proposed Plan complies with 11 U.S.C. Sections 1325(a)(3), 1325(a)(6), and 1325(b)(1)(B).

10. The Chapter 13 schedules fail to include a debt owed to Progressive Leasing, in violation of Bankruptcy Rule 1007(a) (1) and 11 U.S.C. Sections 1325(a)(3) and 1325(a)(7).

11. The Chapter 13 Plan appears to be infeasible because the budget in the Schedules fails to include an expense for Debtor's Progressive lease in the amount of $200.00 to $300.00 per month. 11 U.S.C. Section 1325(a)(6).

12. The regular monthly mortgage payment is $676.31 not $770.00 as reflected on the Schedules, such that Debtor has $90.69 in additional disposable income to contribute to the plan in violation of 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

13. The Debtor's Chapter 13 Plan fails to provide for an increase in plan payments when the direct payments of $200.00 to $300.00 per month for Progressive Leasing end, in possible violation of 11 U.S.C. Sections 1325(a)(3), 1325(b)(1)(B) and 1325(b)(2)(A).

14. The Chapter 13 Schedules reflect an exemption of $11,200.00 for various assets pursuant to O.C.G.A. Section 44-13-100(a)(6), given the Debtor's use of exemptions under O.C.G.A. Section 44-13-100(a)(1). The Chapter 13 Trustee objects to the exemption because the amount of the exemption exceeds the exemption limitations allowed in accordance with O.C.G.A. Sections 44-13-100(a)(1) and 44-13-100(a)(6).

15. The Debtor claims an exemption of $48,000.00 for child support arrears pursuant to O.C.G.A. Section 44-13-100(a)(2)(D). The Chapter 13 Trustee objects to the claimed exemption as any recovery may be disposable income required to be contributed to this Chapter 13 Plan and the proposal to retain the funds may indicate a lack of good faith. 11 U.S.C. Sections 1325(a)(3), 1325(a)(7), and 1325(b)(1)(B).

16. The Chapter 13 Plan fails to provide treatment of the filed secured claim of the United States Department of Housing & Urban Development and the two (2) filed secured claims of Wells Fargo Bank, in violation of 11 U.S.C. Sections 1322(a)(2) or 1325(a)(5).

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

17. The Debtor has failed to provide sufficient pay advice information for the Trustee to determine whether the Debtor's plan provides for the appropriate applicable commitment period. 11 U.S.C. Sections 521(a)(1)(B)(iv), 1325(a)(3), and 1325(b)(4).

18. The Chapter 13 Plan fails to provide for the assumption and funding or rejection of executory contract owed to Progressive Leasing in violation of 11 U.S.C. Section 365(b)(1)(C).

19. Debtor has failed to file a Certificate of Service regarding the Chapter 13 Plan and/or the filed Certificate of Service fails to indicate service on all entities listed on the Mailing Matrix in violation of F.R.B.P. 3015, 2002 and NDGA Bankruptcy Court General Order 21-2017, Section 4.2.

20. The Chapter 13 plan proposes to pay $5,665.00 to the Debtor's Attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and would request that Debtor's counsel appear at confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

21. In the Plan, Debtor proposes to retain two (2) vehicles, a 2015 Chevrolet Camaro and a 2014 Dodge Challenger, for a household where just one (1) person is employed. The Trustee contends that just one (1) vehicle is necessary for an effective reorganization, and since Debtor's Plan proposes no dividend for unsecured creditors, the Trustee questions whether the Debtor's Plan was filed in good faith. 11 U.S.C. Section 1325(a)(3).

WHEREFORE, Trustee moves this Honorable Court to inquire into the above objections at the separately scheduled and noticed confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case, and for such other and further relief that this Court deems just and proper.

/s/ Jonathan S. Adams
Jonathan S. Adams
Attorney for Chapter 13 Trustee
GA Bar No. 979073

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| AMAZETTA SATA GUEH | ) ) ) | CASE NO.: 18-57289-PMB |
| DEBTOR. | ) ) | |

18-57289-PMB                           **CERTIFICATE OF SERVICE**

This is to certify that I have this day served:

    DEBTOR(S):
    AMAZETTA SATA GUEH
    4867 WYCLIFFE DRIVE
    STONE MOUNTAIN, GA  30087

    DEBTOR(S) ATTORNEY:
    SLIPAKOFF & SLOMKA, PC
    OVERLOOK III, SUITE 1700
    2859 PACES FERRY RD, SE
    ATLANTA, GA  30339

in the foregoing matter with a copy of this Objection to Confirmation & Motion to Dismiss by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

Friday, July 6, 2018

/s/
Jonathan S. Adams
GA Bar No. 979073
Attorney for Melissa J. Davey, Chapter 13 Trustee
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:  678-510-1444
Facsimile:   678-510-1450